UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH THOMAS,           ) | |
|     Plaintiff,          ) | |
|                         ) | |
| v.                      ) | Civ. No. 05-2391 (CKK) |
|                         ) | |
| FEDERAL AVIATION ADMN., et al., ) | |
|     Defendants.         ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants, through their undersigned attorneys, respectfully move to dismiss plaintiff's complaint or in the alternative for summary judgment. Submitted in support of this motion are Defendants' Memorandum of Points and Authorities, Statement of Facts Not In Dispute and the attached declarations Melanie Yohe, Freedom of Information Act Management Specialist with the Federal Aviation Administration and David M. Hardy, Section Chief of the Record Information Dissemination Service, Federal Bureau of Information.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of

>all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        _____
        RUDOLPH CONTRERAS, D.C. Bar No. 434122
        Assistant United States Attorney

        _____
        RHONDA C. FIELDS
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-2391 (CKK) |
| | ) | |
| FEDERAL AVIATION ADMN., et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendants submit this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7.1(h).

1. FOIA requests to the Federal Aviation Administration (FAA) may be made to its headquarters Office or to one of 15 regional or component offices. Yohe Dec. at ¶15. Requests made to those offices are entered into the FAA's National Tracking System (NTS). *Id*. at ¶4. The information in the NTS includes the requester's name, address, subject of request and date of request, among other information. *Id*. A search of the NTS was conducted using the requester's name, Keith Thomas. No requests from plaintiff were found. *Id*. at ¶5. NTS also was searched by the subject "9-11." None of the requests pertaining to September 11, 2001 were from plaintiff. *Id*.

2. The FBI conducted a search of its FOIPA Document Processing System which houses the FBI's official records concerning receipt of all FOIA/PA requests. Hardy Dec. at ¶ 6. There was no record of a FOIA request from plaintiff for the information described in the original

3

complaint at statement of fact pages 2-3, paragraph 4. *Id*. at ¶¶5-6.

    3.  The Docket in this matter reveals that the only defendants for whom summonses were issued were the FAA, Mr. Meuller, and Donald Rumsfeld.  Docket entry dated 2/17/06.

    4.  Return of service affidavits have been filed for only defendants FAA and Mueller. Docket entry No. 9.  The affidavit of service to Mr. Mueller reflects that it was served on a Garrett Siefton GC, the same individual who accepted service for the Attorney General, at 9th and Pennsylvania Ave. N.W., in Washington, D.C., and incorrectly states that it was left at Mr. Mueller's abode.  *Id.*

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

                                RUDOLPH  CONTRERAS, D.C. Bar No.  434122
                                Assistant United States Attorney

                                RHONDA C. FIELDS
                                Assistant United States Attorney
                                Civil Division
                                555 Fourth Street, N.W.
                                Washington, D.C.  20530
                                202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH THOMAS,                                     ) | |
|         Plaintiff,    ) | |
| ) | |
| v.                                                          ) | Civ. No. 05-2391 (CKK) |
| ) | |
| FEDERAL AVIATION ADMN., et al.,    ) | |
|         Defendants.    ) | |
| _____ ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

   Plaintiff pro se is a prisoner incarcerated in the Corcoran State Prison. Original Complaint at section III, Place of Confinement.  On about December 14, 2005, he filed a complaint against the Federal Aviation Administration (FAA), agency heads [Robert] Mueller, Federal Bureau of Investigation, and Donald Rumsfeld, Secretary of Defense, in their individual capacities and the following "John Doe(s)": Air Force, Five Star General; Army, Five Star General; Director, Federal Aviation Administration (FAA); Director, Immigration and Nationalization (sic) Service; Director, Central Intelligence Agency; Navy, Five Star General; Marine, Five Star General. Original complaint at section IV, Parties.

   The original complaint is on a form titled a "Complaint for Violation of Civil Rights," and plaintiff has hand written under the title "pursuant to *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971), Administrative Procedures Act." *Id.* at first page.

   Defendants believe from reviewing plaintiff's first complaint, that the facts underlying his complaint are the alleged lack of responses to his requests for information described in the

complaint from the various agencies or responses not satisfactory to him. See original complaint statement of facts section.

On March 1, 2006, plaintiff filed a one page "amended complaint" Docket number 6, which states "This action is brought pursuant to Bivens v. Six named Agents of the Federal Bureau of Narcotics. . . ." Under his First Claim for Relief he alludes to violation of the Administrative Procedures Act and the Freedom of Information Act. Under the relief section he requests "1. injunctive relief, to provide the documents," and "2. file grievance against personal." (sic) Amended Complaint, Docket no. 6.

Plaintiff also has filed another complaint in Civil Action No.5-2362, in which the original form complaint appears to be the same form complaint filed in the instant case, but different defendants are named.

## STATEMENT OF FACTS

**NO RECORD OF FOIA REQUEST**

The FAA and FBI conducted good faith searches to ascertain whether they had any record of plaintiff making FOIA requests concerning the subject matter of his complaint. The following agencies found no record of such FOIA requests from plaintiff:

**Federal Aviation Administration:**

Plaintiff appears to allege that he requested from the FAA information concerning September 11, 2001. Last page of original form complaint at ¶1.

FOIA requests to the FAA may be made to its headquarters Office or to one of 15 regional or component offices. Yohe Dec. at ¶15. Requests made to those offices are entered into the FAA's National Tracking System (NTS). *Id*. at ¶4. The information in the NTS includes the

requester's name, address, subject of request and date of request, among other information. *Id*. A search of the NTS was conducted using the requester's name, Keith Thomas. No requests from plaintiff were found. *Id*. at ¶5. NTS also was searched by the subject "9-11." None of the requests pertaining to September 11, 2001 were from plaintiff. *Id*.

**Federal Bureau of Investigation**

Plaintiff appears to allege that he requested information "involving the September 11, 2001 attack and Zacarius Moussaoi, beening (sic) inside America and Al-Qeada Association." Original complaint attachment at paragraph 4.

The FBI conducted a search of its FOIPA Document Processing System which houses the FBI's official records concerning receipt of all FOIA/PA requests. Hardy Dec. at ¶ 6. There was no record of a FOIA request from plaintiff for the above described information. *Id*. at ¶¶5-6.

## STANDARD OF REVIEW

**Motion to Dismiss**

Defendants move for dismissal of plaintiff's complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Nix v. Hoke*, Civil Action No. 1:98CV03039(ESH), 2001 WL 432417 (D.D.C. April 26, 2001), *citing, Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir.

2001); *see also, Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998). A complaint should be dismissed if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-56.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*

Applying these standards demonstrates that Plaintiff's complaint should be dismissed in entirety.

**Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. *Hayden v. National Security Agency*

*Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382 (8th Cir. 1985.) The declarations in this matter were provided by individuals familiar with the steps taken by defendants in responding to plaintiff's FOIA request. Since they demonstrate that the defendants met their obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact, defendants are entitled to judgment as a matter of law, and summary judgment should be granted to defendants.

## ARGUMENT

**Plaintiff's claims against certain defendants in their individual capacities must be dismissed because the plaintiff failed to effect personal service upon those defendants**.

Individually-named defendants sued in their personal capacities must be served with process in accordance with rules applicable to individual defendants. *See Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997)(defendants in *Bivens* action must be served as individuals, pursuant to Fed. R. Civ. P. 4(e)). Rule 4(e)(2) of the Federal Rules of Civil

9

Procedure requires that a copy of the summons and complaint be delivered to the defendant (or his appointed or legal agent) personally, or be left "at his dwelling house or actual place of abode with some person of suitable age and discretion" who resides there.  Rule 4(e)(1) would permit service in this case in accordance with the service rules for the court of general jurisdiction for the District of Columbia, which establish, in pertinent part here, service requirements parallel to those under the Federal Rules.  *See* D.C. Superior Court Civil Rules, Rule 4.  Service on the Attorney General of the United States and the U.S. Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service. . . where the action is in substance against a federal official in his individual capacity." *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978); *See Simpkins*, 108 F.3d at 369.  Moreover, the law of the District of Columbia is clear that service upon an individual is not effected by leaving a copy of the complaint at his or her place of business with one who has not been specifically appointed as the individual's personal agent for that purpose.  *See Leichtman v. Koons*, 527 A.2d 745, 747 and n.5 (D.D.C. 1987)(office employee with authority to receive business mail does not, by virtue of that position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).

  The Docket in this matter reveals that summonses were issued only for defendants FAA, Mr. Meuller, and Donald Rumsfeld.  Docket entry dated 2/17/06. Return of service affidavits have been filed for only defendants FAA and Mueller.  Docket entry No. 9.  However, the plaintiff has not personally served any of the individually named federal defendants.  The affidavit of service to Mr. Mueller reflects that it was served on a Garrett Siefton GC at 9th and Pennsylvania, the same individual who accepted service for the Attorney General,  and incorrectly states that it was

left at Mr. Mueller's abode. *Id.*

Plaintiff also has named certain "John Does" as defendants. Unless an unnamed/unidentified defendant voluntarily makes an appearance or otherwise waives the lack of personal jurisdiction defense, however, the Court lacks personal jurisdiction over that defendant *E.g. Shipkovitz v. Mosbacher*, Civ.A.No. 90-2159(CRR), 1991 WL 251864 (D.D.C. Nov. 12, 1991), aff'd, 1992 WL 394489 (D.C. Cir. Nov. 5, 1992)(dismissing claims against John Doe defendant because D.C. Code did not provide for such constructive service). *See* Fed.R.Civ.P. 12(b)(2).

Accordingly, plaintiff has failed to effect proper service on any defendant in his or her individual capacity, and the claims against the defendants in their individual capacities should be dismissed.

> **To the extent the complaint is viewed as brought under *Bivens*, it must be dismissed because the federal defendants are entitled to qualified immunity from suit.**

Individually-named federal defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). *See also Mitchell v. Forsyth*, 472 U.S. 511, 526(1985)("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.")

Under the "clearly established" inquiry, a *Bivens* defendant need not demonstrate that the law was specifically established in his favor at the time he acted (i.e., "that a Supreme Court opinion had specifically approved their actions"), but only that the law was unsettled at the time. *Zweibon v. Mitchell*, 729 F.2d 162, 173-74 n.19 (D.C. Cir. 1983), cert. denied, 469 U.S. 880 (1984). "[O]nce the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases." *Zweibon*, 720 F.2d at 168 (citing *Harlow v. Fitzgerald, supra.*)

The individually-named defendants are immune from suit in this action because the complaint does not allege the violation of clearly established constitutional rights clearly established under law. As noted above, plaintiff only has alleged that federal agencies did not supply him with certain information, and that plaintiff has written to the agency and "requested to pursue through it[s] administrative remedies to redress complaint  this complaint consist of obtaining documents. . . ." *See generally* attachment to original complaint. He has made no allegations that any named defendant was personally involved in the processing of any of his alleged requests for information or his alleged request to pursue administrative remedies. Indeed plaintiff's explanation of how the individual defendants allegedly were acting under color of law is described as "abusing authority [cannot decifer word] to pursue Political Freedom through the Administrative Procedure Act." Plaintiff simply has failed to allege any violation of a clearly established right by any individual defendant. Therefore, the defendants are entitled to qualified immunity from suit.

Plaintiff asserts that he is seeking relief because of his inability to obtain requested

information.  Therefore, his claim is one which falls under the Freedom of Information Act. "FOIA established a comprehensive statutory scheme to resolve all issues associated with the release of documents."  *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir 2002).  When a plaintiff's claims are encompassed within the remedial scheme of FOIA, courts have concluded that a Bivens remedy is not appropriate.  *Id; Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir 1988)(*en banc*)(no Bivens remedy available if a statute provides a "comprehensive system to administer public rights").  Here, plaintiff's claims are properly addressed by the detailed process available to all requesters under FOIA.  *See Brooks v. Bureau of Prisons*, No.Civ.A. 04-0055, 2005 U.S. Dist. LEXIS 4453, *1 (D.D.C. March 17, 2005).  Therefore, plaintiff's *Bivens* claim must fail.  Moreover, to the extent that plaintiff is attempting to obtain relief under *Bivens* from any individuals, plaintiff's claim must fail.  The proper defendant in a FOIA case is the agency.  Individual employees of the federal government are not subject to suit under FOIA.  *See Stone v. Defensive Investigative Serv.*, 816 F.Supp. 782, 785 (D.D.C. 1993); *Whittle v. Moschelle*, 756 F.Supp. 589, 596 (D.D.C. 1991).

>**To the extent plaintiff may be construed to be suing the federal  defendants in their official capacities, the suit is barred by the doctrine of sovereign immunity.**

Plaintiff's claims against the federal defendants in their official capacities are, under law, claims asserted against the United States.  *Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996)(government officials are not personally liable for damages when sued in their official capacities; damages action is equivalent to one against the government itself).  The United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v.*

*Sherwood*, 312 U.S. 586, 770 (1941); *United States v. Testan*, 424 U.S. 392, 399 (1976)("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction...to entertain suits against the United States'")(quoting *Sherwood*).

Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). Such waivers are construed strictly in favor of the sovereign. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). That a plaintiff may name federal employees as defendants in their official capacities does not operate to evade the immunity of the sovereign. *See Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).

Therefore, to the extent that plaintiff seeks money damages against the unnamed and individual federal defendants in their official capacity for alleged statutory and constitutional violations, his complaint must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for such claims. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)(United States has not waived sovereign immunity for money damages sounding in constitutional tort); *Chen v. United States*, 854 F.2d 622, 625-25 (2d Cir. 1988)(United States has not waived sovereign immunity for claims based on violations of constitution, statute or regulations).

Similarly, the express remedy to enjoin an agency from withholding agency records is under FOIA, and not pursuant to the APA. 5 U.S.C. § 552(a)(4)(B).

**FOIA**

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B). Plaintiff has failed to show that defendants improperly withheld agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. at 142.

**Plaintiff's Claims Must Be Dismissed For Failure To Exhaust Administrative Remedies**.

Exhaustion of administrative remedies is a well-established doctrine in administrative law that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (*citing Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50-51 (1938)). "It goes without saying that exhaustion of administrative remedies is required in FOIA cases. . . 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'" *Dettmann v. U.S. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (*quoting Stebbins v. Nationwide Mutual Insurance Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)). *See also Spannaus v. Department of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *In re motion to Compel filed by Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985). FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies. *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly

undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction. *See, e.g., Dettmann v. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986); *Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986); *Brumley v. Department of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).

A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including failure to comply with fee requirements and failure to administratively appeal a denial of information. *See, e.g. Oglesby v. U.S. Dept. of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

**No FOIA request for the information at issue**.

The initial requirement for making a proper request is that it reasonably describe the records sought and be made in accordance with the agency's published FOIA regulations. 5 U.S.C. §552(a)(3)

In this case, as is detailed above, there is no record that plaintiff made FOIA requests for the information referenced in his original complaint to the Federal Aviation Administration or the FBI. "Failure to submit a proper request is a failure to exhaust administrative remedies and deprives the court of jurisdiction." *Wicks v. Coffrey* 2002 WL 1000975, *2 (E.D.La. 2002) citing *T.C. Kessler v. United States.* 899 F.Supp. 644, 645 (D.D.C.1995).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint should be dismissed or in the alternative summary judgment should be granted to defendants.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of May, 2006, a copy of the foregoing motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to plaintiff pro se
Keith Thomas
#T67081
Corcoran State Prison
S.H.U. 4-A, 2-R, Cell-21
PO Box 3476
Corcoran, CA 93212.

                                        Rhonda C. Fields
                                        Assistant United States Attorney