UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KEITH THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 05-2391 (CKK) |
| | ) |
| **FEDERAL AVIATION** | ) |
| **ADMINISTRATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brings this action alleging that a number of federal agencies and departments have refused to provide him with information regarding the terrorist attack on September 11, 2001, and other criminal investigations. He names as defendants the Federal Aviation Administration ("FAA"), Robert Mueller, the Director of the Federal Bureau of Investigation ("FBI"), Donald Rumsfeld, the former Secretary of Defense, and John Does at the following agencies and departments of the federal government: the Department of the Navy, the United States Marines, the Department of the Air Force, the Department of the Army, the Central Intelligence Agency ("CIA"), the FBI, the United States Coast Guard, the Government Accountability Office ("GAO"), the Department of Energy ("DOE"), the Immigration and Naturalization Service ("INS"), the United States Customs Service,[1] the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"), and

---

[1] In March, 2003, the United States Customs Service ("USCS") and the Immigration and Naturalization Service ("INS") were transferred to the newly created Department of Homeland Security ("DHS"). The jurisdictional responsibilities of USCS and INS are now divided into two components, Immigration and Customs Enforcement ("ICE") and Customs and Border

the Federal Communications Commission ("FCC"). Defendants have filed a motion to dismiss or for summary judgment.

## I. BACKGROUND

Plaintiff alleges that he requested information from the FAA, ICE, CIA, FBI and the Department of Defense, including all the military service branches, regarding the September 11, 2001 terrorist attack. Compl. at 5, 7-8.[2] From the CBP and Coast Guard, Plaintiff requested records of drug seizures from 1942 to 2006. *Id.* at 12, 13. Plaintiff claims that he requested records from ATFE and FBI regarding the "George L. Jackson Brigande," the Black Panthers, and the "S.L.A.." *Id.* at 12. In addition, Plaintiff sought FBI records on a large number of investigations. *Id.* at 13.

Plaintiff claims that he sent a request to the CIA for documents pertaining to Osama Bin Laden, Manuel Noreiga, Fidel Castro, and all projects conducted by the agency. *Id.* Plaintiff requested that the GAO provide him with a list of the services the agency provides to the public. *Id.* at 14. Plaintiff alleges that he made document requests – not specified in the complaint – to the DOE and the FCC. *Id.* The agencies did not respond to plaintiff's requests. *Id.*

As part of this litigation, the FAA searched its National Tracking System ("NTS"), which contains the agency's information on FOIA requests made to FAA's headquarters office or to one of its regional or component offices. Decl. of Melanie Yohe ¶¶ 3, 4. The NTS includes the FOIA

---

Protection ("CBP").

[2] Plaintiff filed an amended complaint, but it does not add any additional facts or legal claims. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), are not required to use specific legal terms or phrases, and are granted "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Consequently, the Court will accept the original complaint as a factual basis for plaintiff's cause of action.

requester's name and address, the subject matter, and the date of the request. *Id.* ¶ 4. The FAA conducted a search for Plaintiff's request under his name and by the subject "9-11." *Id.* ¶ 5. The FAA records do not contain any document requests from plaintiff. *Id.*

The FBI conducted a search of its FOIPA Document Processing System, which contains the agency's officials records of all FOIA and Privacy Act requests. Decl. of David M. Hardy ¶ 6. The FBI did not find any record of a document request from Plaintiff. *Id.*

## II. STANDARD OF REVIEW

Defendants have moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of a plaintiff. *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C.Cir. 1997). " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46; *Kowal*, 16 F.3d at 1276. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992).

## III. ANALYSIS

As an initial matter, the Court must determine the nature of Plaintiff's cause of action. Federal courts can "ignore the legal label that a *pro se* litigant attaches" to a pleading "to create a better correspondence between the substance of a ... claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003). In the complaint, Plaintiff cites the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) as the bases for his claims. The essence of Plaintiff's claims, however, is that federal agencies improperly withhold documents requested by him. FOIA grants federal district courts jurisdiction to enjoin an agency from withholding records and to order the production of records improperly withheld from requesters. 5 U.S.C. § 552(a)(4)(B). Therefore, the Court will construe

this case as a FOIA action.

### A. Individual Defendants

Because this is a FOIA action, Plaintiff cannot maintain a *Bivens* or APA claim against the defendants. In *Bivens*, the Supreme Court recognized an action for money damages against a federal officer in his or her individual capacity who abuses his or her constitutional authority. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Thompson v. Pope*, 397 F. Supp. 2d 28, 32 (D.D.C. 2005). The purpose of *Bivens* is to deter federal officers from committing violations of an individual's constitutional rights. *Malesko*, 534 U.S. at 70; *FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

The scope of the *Bivens* decision is to be narrowly construed. *See Malesko*, 534 U.S. at 68 (Court has consistently refused to extend *Bivens* liability to any new context or new category of defendants). There is no *Bivens* remedy available where a statute provides a "comprehensive system to administer public rights." *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C.Cir. 1988)(*en banc*). FOIA presents such a statutory scheme. *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C.Cir. 2002). Therefore, Plaintiff cannot obtain a *Bivens* remedy for an alleged violation of FOIA by the defendants. *See id.* For the same reasons, plaintiff cannot pursue an APA claim. *See Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005)(APA review unavailable when another statute provides adequate remedy).

The only proper defendant in a FOIA case is a federal agency. *Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000); *Whittle v. Moschella*, 756 F.Supp. 589, 596 (D.D.C. 1991). Individual federal employees are not subject to suit under FOIA. *Leinenbach v. U.S. Dep't of Justice*, No. 05-744, 2006 WL 1663506, at *4 (D.D.C. June 14, 2006); *Stone v. Defense*

*Investigative Serv.*, 816 F.Supp. 782, 785 (D.D.C. 1993).  Therefore, the court will dismiss the John Doe defendants and defendants Mueller and Rumsfeld.

### B. FAA and FBI

The FAA and FBI move to dismiss or for summary judgment on the ground that Plaintiff did not submit a FOIA request to either agency or exhaust his administrative remedies.  In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations.  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973).  Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ."  *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents."  *Id.* (internal citation and quotation omitted).

A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court.  *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61-62 (D.C.Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002).  FOIA's exhaustion requirement, however, is not jurisdictional, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C.Cir. 2003), but a prudential consideration.  *Wilbur*, 355 F.3d 675, 677 (D.C.Cir. 2004); *Ctr. for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 66 (D.D.C. 2006).  The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience and expertise, and to compile an adequate record for review.  *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259.  A failure to exhaust precludes a determination on the merits of a FOIA claim if the agency "had no

opportunity to consider the very issues that [Plaintiff] has raised in court ...." *Id.*

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

An agency is required to respond to a FOIA request within twenty days. *See* 5 U.S.C. § 552(a)(6)(A)(i). If an agency does not comply with the FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit. *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C.Cir. 2003). These statutory deadlines, however, are triggered by the agency's *receipt* of the FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has not produced any evidence demonstrating that the alleged requests was either sent or received by the FAA and the FBI.[3] Since the agencies' declarations affirm that a search of the FAA and FBI's databases did not produce evidence that the agencies ever received Plaintiff's requests, he has not exhausted his administrative remedies.

The Court has no basis to discredit the FAA and FBI sworn affidavits that they have no

---

[3] An attachment to Plaintiff's opposition to Defendants' motion appears to be a new FOIA request to the FBI dated December 6, 2006. This request is substantially different from Plaintiff's other alleged requests to the FBI. The request is dated well after the complaint was filed in this case. Plaintiff must pursue the new request at the administrative level and exhaust administrative remedies before seeking judicial review. *See Nat'l Ass'n of Criminal Def. Lawyers v. U.S. Dep't of Justice*, No. 04-697, 2006 WL 666938, at *2 (D.D.C. Mar. 15, 2006).

record of a request from Plaintiff. Since the agencies did not withhold any documents, Plaintiff has not exhausted his administrative remedies and does not have a viable FOIA claim against the FAA and FBI.

### C. Remaining Agency Defendants

The Clerk of the Court only issued summonses for the FAA, Robert Mueller, and Donald Rumsfeld. Because Plaintiff is proceeding *in forma pauperis*, service of process is performed by the United States Marshal. *See* 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(m) provides that the summons and complaint must be served within 120 days after the Plaintiff's filing of the complaint. However, the Rule also provides "that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed R. Civ. P. 4(m).

Through no fault of Plaintiff's, summonses were not issued for a number of the Defendants. The Court, therefore, finds "good cause" for the delay in service and will order the Clerk of the Court to issue a summons and complaint for each of the agency Defendants not yet served.

### IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss or for summary judgment will be granted. Judgment will be entered in favor of Defendants FAA and FBI. The individual defendants will be dismissed. A separate order accompanies this Memorandum Opinion.

```
            _____/s_____
            COLLEEN KOLLAR-KOTELLY
DATE: January 25, 2007    United States District Judge
```