UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH THOMAS,                )
        Plaintiff,           )
                             )
v.                           )   Civ. No. 05-2391 (CKK)
                             )
FEDERAL AVIATION ADMN., et al., )
        Defendants.          )
_____)

**DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants, through their undersigned attorneys, respectfully move to dismiss plaintiff's second amended complaint, or in the alternative for summary judgment.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of defendant's motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as

1

      otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

      Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH THOMAS,                   ) | |
|           Plaintiff,     ) | |
|           ) | |
| v.                              ) | Civ. No. 05-2391 (CKK) |
|           ) | |
| FEDERAL AVIATION ADMN., et al., ) | |
|           Defendants.   ) | |
| _____ ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Defendants submit this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7.1(h).

1. The Federal Bureau of Investigation has no evidence of ever having received a FOIA/Privacy Act request from plaintiff Keith Thomas for documents "relating to plaintiff since birth of Plaintiff of 10-21-1967." Hardy Declaration at ¶3-5.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH THOMAS, | ) | |
|               Plaintiff, | ) | |
|  | ) | |
|       v. | ) | Civ. No. 05-2391 (CKK) |
|  | ) | |
| FEDERAL AVIATION ADMN., et al., | ) | |
|               Defendants. | ) | |
|  | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Plaintiff is a prisoner incarcerated in the Corcoran State Prison who brings this action pro se. Original Complaint at section III, Place of Confinement. On about December 14, 2005, he filed a complaint against the Federal Aviation Administration (FAA), agency heads [Robert] Mueller, Federal Bureau of Investigation, and Donald Rumsfeld, Secretary of Defense, in their individual capacities and the following "John Doe(s)": Air Force, Five Star General; Army, Five Star General; Director, Federal Aviation Administration (FAA); Director, Immigration and Nationalization (sic) Service; Director, Central Intelligence Agency; Navy, Five Star General; Marine, Five Star General. Original complaint at section IV, Parties.

Defendants believed from reviewing plaintiff's first complaint, that the facts underlying his complaint were the alleged lack of responses to his requests for information described in the complaint from the various agencies or responses not satisfactory to him. See original complaint statement of facts section.

1

On March 1, 2006, plaintiff filed an amended complaint ("first amended complaint"). Docket number 6.  On April 10, 2006, plaintiff filed a motion for a trust account order and to amend/correct complaint.  Docket #10.  However, no amended or corrected complaint was attached thereto.  *Id*.  On April 28, 2006, an answer to the first amended complaint was filed. Docket No. 11.

On May 8, 2006, the defendants filed a motion to dismiss or in the alternative for summary judgment.  Docket No. 13.  On January 25, 2007, the Court issued an Order and Memorandum Opinion granting plaintiff's motion to amend the complaint, and granting defendant's motion to dismiss and for summary judgment as to the individual defendants and as to the FAA and FBI. Docket Nos. 20-21.  As to the remaining defendants, the Court ordered that a summons and complaint be served on them by the U.S. Marshals Service.  *Id*.  The docket does not reflect  such service was ever made.

On February 13, 2007, the plaintiff filed a second amended complaint.  Docket No. 13. This second amended complaint and its attachments appear to ask the Court to direct the Federal Bureau of Investigation to 1) gather from third parties and various courts all civil actions filed by plaintiff and various documents concerning plaintiff's life,  2) place those documents in plaintiff's FBI file to make them agency records and then 3) turn the documents over to plaintiff and various news agencies.  Second Amended Complaint and its Ex. C3.  The places from which plaintiff wants the FBI to obtain documents include the California Department of Corrections,  juvenile hall records, a hospital, and Los Angeles and Orange County jails.  *Id.*  He asks for the FBI to obtain, among other matters, his medical and school records.   He also asks the FBI to obtain all state and federal civil filings made by him in California, Kansas, Virginia, Oregon, and

Washington, D.C.  *Id.*

## STANDARD OF REVIEW

**Motion to Dismiss**

Defendants move for dismissal of plaintiff's second amended complaint under Rules 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Nix v. Hoke*, Civil Action No. 1:98CV03039(ESH), 2001 WL 432417 (D.D.C. April 26, 2001), *citing, Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir. 2001); *see also, Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998).  A complaint should be dismissed if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-56.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*

Applying these standards demonstrates that Plaintiff's second amended complaint should

be dismissed in its entirety.

**Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382

(8th Cir. 1985.) The declaration in this matter was provided by an individual familiar with the Federal Bureau of Investigation's official records pertaining to FOIA requests. Since it demonstrates that the plaintiff never made a request to the FBI for the records reflected in plaintiff's second amended complaint, and the pleadings and other filings show no genuine issue as to any material fact, defendants are entitled to judgment as a matter of law, and summary judgment should be granted to defendants.

## FOIA

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B). Plaintiff has failed to claim that defendants improperly withheld agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. at 142.

FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The act also defines the term "record" as follows:

> "record" and any other term used in this section in reference to information includes any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format.

 5 U.S.C.§552(a)(f)(2). Thus, FOIA applies solely to "agency records."

In order to be an agency record, the record must be in the control of the agency. *See U.S. Dept. of Justice v. Tax Analyst,* 492 U.S. 136, 144-45 (1989)("Second, the agency must be in

control of the requested materials at the time the FOIA request is made."); *Teich v. Food and Drug Admin,*. 751 F.Supp. 243, 248 (D.D.C.1990)("A record is an agency record if the agency 'either create[s] or obtain[s]' the document . . . . Furthermore, 'the agency must be in control of the requested materials at the time the FOIA request is made . . . .'")(internal citations omitted).

Documents which the plaintiff asks the Court to direct the FBI to obtain from third parties, clearly are not under the control of the FBI. They are not an "agency record." Further, neither the FBI nor any other defendant has an obligation to get documents from third parties as requested by the defendant. *See Brunskill v. United States Dep't of Justice,* No. 99-3316, slip op at 4-5 (D.D.C. March 19, 2001)(FBI has no obligation to search for records at Customs Service, because "there is no basis to compel defendant to conduct its search outside its own system of records.") (Motion for summary affirmance granted, CA No. 01-5135 (D.C.Cir. October 15, 2001)). Therefore, plaintiff has failed to state a claim upon which relief can be granted under FOIA.

Plaintiff also fails to state a claim against any individual defendant, including newly identified defendant FBI affiant David Hardy, because individual federal employees are not subject to suit under FOIA. Court's Memorandum Opinion at p. 5.

Additionally, as is set forth in defendants' initial motion to dismiss or in the alternative for summary judgment, and as found by the Court in its January 25, 2007 Opinion at p. 5-6, plaintiff cannot pursue a *Bivens* or APA remedy for a FOIA action.

**Plaintiff's Claims Must Be Dismissed For Failure To Exhaust Administrative Remedies and Lack of Jurisdiction Due to Failure to Make a FOIA Request**

Exhaustion of administrative remedies is a well-established doctrine in administrative law that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the

prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (*citing Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). "It goes without saying that exhaustion of administrative remedies is required in FOIA cases. . . 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'" *Dettmann v. U.S. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (*quoting Stebbins v. Nationwide Mutual Insurance Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)). *See also Spannaus v. Department of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *In re motion to Compel filed by Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985). FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies. *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction. *See, e.g., Dettmann v. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986); *Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986); *Brumley v. Department of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).

    A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including failure to comply with fee requirements and failure to administratively appeal a denial of information. *See, e.g. Oglesby v. U.S. Dept. of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

    The FBI has conducted a search of its FOIAPA Document Processing System, which houses the FBI's official records concerning receipt of all FOIA/Privacy Act requests, for the

7

existence of any FOIA/Privacy Act request from plaintiff Keith Thomas for documents "relating to the Plaintiff since birth of plaintiff . . . ."  Hardy Dec. at ¶5, Second Amended Complaint at p. 3.  The search revealed no evidence of a FOIA/Privacy Act request from plaintiff for the records mentioned in the second amended complaint.  *Id.* at ¶3-5.

### No Jurisdiction or Standing

The Court does not have jurisdiction and plaintiff lacks standing because plaintiff has not alleged and cannot prove that the FBI withheld from him records which he requested.

The FOIA provides that:

> On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C.A. § 552 (a)(4)(B).  "Failure to submit a proper request is a failure to exhaust administrative remedies and deprives the court of jurisdiction."  *Wicks v. Coffrey* 2002 WL 1000975, *2 (E.D.La. 2002) *citing T.C. Kessler v. United States.* 899 F.Supp. 644, 645 (D.D.C.1995).

The initial requirement for standing of a complainant is that the complainant made a request for records in accordance with the agency's published FOIA regulations.  5 U.S.C. §552(a)(3).  *See Nixon v. Sampson,* 389 F.Supp. 107, 122 (D..D.C. 1975) ("Simply stated, when a party. . . has made an application under the FOIA and that application has been denied, she has standing to sue in the federal courts."); *Zivotofsky ex rel. Ari Z. v. Secretary of State*, 444 F.3d 614, 617-618 (D.C.Cir. 2006)(" Anyone whose request for specific information has been denied has standing to bring an action").

8

In this case, plaintiff does not allege that he made a request that the documents at issue be sent to him, or that any agency records were improperly withheld from him. His complaint states

> This is for the purpose of establishing records with the Federal Bureau of Investigation. . .whereupon the plaintiff authorize the Federal Bureau of Investigation to obtain materials (documents ) of the plaintiff involving plaintiff materials (documents) submitted and authorize by the plaintiff for the Federal Bureau of Investigation to maintain as agency record, under the Freedom of Information. . . .

Second Amended Complaint at p. 2.  He also attached to the complaint a Declaration and Privacy waiver authorizing the FBI to obtain records pertaining to him and to release information pertaining to him to various news organizations. Complaint at Ex C3 & C4.  Plaintiff does not allege in his second amended complaint, and the exhibits do not reflect, that the declaration and waiver were ever sent to the FBI.

Additionally, while "it is permissible for an attorney or other agent to file a FOIA request on behalf of [a] corporation," *Three Forks Ranch Corp. v. Bureau of Land Management, Little Snake Field Office*, 358 F.Supp.2d 1, 2 -3 (D.D.C.2005), plaintiff has not alleged that he is an authorized agent of any of the media organizations mentioned in his exhibits, nor has he alleged that such organizations have made FOIA requests for any information pertaining to plaintiff.

Therefore, the Court does not have jurisdiction over plaintiff's complaint and plaintiff lacks standing because he made no FOIA request to the FBI for the documents at issue to be released to him.

9

## CONCLUSION

For the reasons set forth above, plaintiff's complaint should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of April, 2007, a copy of the foregoing motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to plaintiff pro se KEITH THOMAS

No. T67081

SACRAMENTO CALIFORNIA STATE PRISON

P.O. Box 290066

Represa, CA 95671

PRO SE


_____

Rhonda C. Fields

Assistant United States Attorney