Keith Thomas
CDC T- 69801
CSP- Sacramento
FB4- Cell-204
P.O. Box 290001
Represa, CA 95671

Let this be
Judge C
Kollar-Kotelly
5/30/07

# U.S. DISTRICT COURT
# DISTRICT OF COLUMBIA

Keith Thomas
  Plaintiff

VS

John Doe,
Federal Aviation Admn, et al
  Defendants

Case No. 1:05-cv-2391

Motion:
Opposition:
1. Answer
2. Defendants motion to Dismiss or in the alternative for summary judgment
and supporting and opposing affidavits herein

The Plaintiff herein set forth his opposition to the defendants's Answer and Motion to dismiss or in the alternative for summary judgment and supporting and opposing Affidavit herein. The Plaintiff denied, object and oppose the defendants's Answer and motion to dismiss or in the alternative for summary judgment herein set forth.

## Opposition:
Plaintiff's Admits

The defendants's Answer:

1. First Defense of the defendants Answer states: "The court lacks jurisdiction over the subject matter." The Plaintiff find this statement to be untrue and denied, object and oppose the defendants First defense, And Plaintiff alleged herein that the district court has under jurisdiction under 28. U.S.C. 1331 and 1343(a)(3); injunction relief authorized by 28. U.S.C section 2283 & 2284 and Rule 65 of the Fed. R. Civ. Proc.

2. Second Defense of the defendants Answer states: "The court lack jurisdiction over the person." The Plaintiff find this statement to be untrue and denied, object and oppose the defendants second defense and Plaintiff alleges herein that the district court has jurisdiction of this person the

1

which is a Federal Agency, see Jefferson v. Reno, 123 F. Supp. 2d 1,3 (D.D.C 2000): Whittle v. Moschella, 756. F. Supp 554, 546 (D.D.C. 1991)

3. Third Defense of the defendants Answer states" There is improper Venue". The Plaintiff find this statement to be untrue and denied object and oppose the defendants third defense and Plaintiff alleges herein that the district court has proper venue under 28 U.S.C 1391 (b)(2), because this place of resident is where the violation has occurred involving the Plaintiff entitle Right pursuant to the Freedom of information Act

4. Fourth Defense of the defendants Answer states" There was insufficiency of process and service of process". The Plaintiff find this statement to be untrue and denied, object and oppose the defendants fourth defense and Plaintiff alleges herein that the district court records ought of reveal see ( MGIC Indem Co. V. Weisman, 803 F.3d 500, 505 (9th Cir. 1986); United States V. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), A court may take judicial notice of court records), that the clerk of the court issue a copy of the summonses and complaint so that the United States Marshal can effect service of process on the defendants, ( Federal Agencies), the Attorney General of the United States and the United States Attorney for the District of columbia.

5. Fifth Defense of the defendants Answer states" Plaintiff fail to state a claim upon which relief can be granted". The Plaintiff finds this statement to be untrue and denied, object and oppose the defendants fifth Defense and Plaintiff Alleges herein that:

   1. Claim:
   under the Freedom of information Act, title 5. U.S.C. 552, ( in it's entirety), 552, Subject matter Public information; Agency Rule.

opinions, orders, records and proceeding, and (A) "each agency shall make available to the public information as follows."

This Federal Agencies FBI, defendants fail to make available to the Plaintiff the information Plaintiff requested. The defendants are obligated to make available information to the Plaintiff information whom they fail to do authorized by title 5 U.S.C. 552 of the FOIA.

2. **Relief:**

A. Is the defendants, to do as authorized by title 5 U.S.C 552 obligated them to do by title 5 U.S.C 552. N. 73. N. 77. And provide to the Plaintiff the information of 5 U.S.C 552: Public information, agency rule, opinions, orders records and proceeding, (A), (1)(A), (1)(B), (1)(C)(1)(D) (1)(E)(1)(2); (A),(B)(C)(D(E)

B. Investigation by Carlton L. Peeples, Acting Chief, Civil Rights Unit, Criminal Investigative Division and Mark R. Vukelich, Chief, Civil Rights Unit Criminal Investigative Division see attached Amended pleading and Injunction Relief, including Cal. Pen code 830.8.(A), and U.S.C.A. 14th Amendment, substantial rights of the Plaintiff. And investigation at California Sacramento State prison for recent attack by Crip/Bloods/BGF/CCO and Blue Note to the Plaintiff.

3. **Granted:**

Plaintiff is allow available information herein stated under the FOIA, title 5. U.S.C. 552 in it's entirety that the defendants are depriving the Plaintiff of.

6. Sixth Defense of the defendants answer states "To the extent any Bivens claim is properly asserted, defendants are immune from suit." The Plaintiff find this statement to be untrue and denied, object and oppose the defendants sixth Defense and Plaintiff alleges herein that the district court recognize this claim to be proper under the Freedom of Information Act.

7. Seventh Defense of the defendants Answer states " Plaintiff should not be allowed to Amend his complaint". The Plaintiff find this statement to be untrue and denied, object and oppose the defendants seventh defense And Plaintiff alleges herein that the district court ought of Recognize the Plaintiff entitle Right of Fed. R. Civ. Proc Rule 15 (C)(3), allowing the Plaintiff to Amend pleading for the reasons stated.

8. eighth Defense of the defendants Answer states " Answering the unnumbered paragraphs of the complaint, utilizing the same paragraph order, defendant admits, denies or otherwise avers as follows: 1, 2, 3, 4. S, 4, 5 and 6. The Plaintiff finds this statement to be untrue and denied, object and oppose the defendants eighth Defense. And Plaintiff alleges herein, that the complaint form file by Plaintiff is incorrect and mislead and curtail the Plaintiff meanful Access to court the Plaintiff has been deprive of the guarantee Federal Right of U.S.C.A 1st const Amendment. And Request third Amended pleading of Fed. R. civ. Proc. 15 (a) and (c)(3)

<u>Plaintiff is Supporting 2<br>
And opposing Affidavit<br>
" herein," to the Defendant's<br>
Motion to dismiss or in the Alternative<br>
For summary judgment see Local Rule 7.1<br>
And Fed. R. Civ. P. 56 (e)</u>

Plaintiff herein alleges that the Plaintiff is an confine inmate within the California department of correction, and Since 2002 The Plaintiff has written letters to all defendants within the 1s, 2n and third complaints. Requestes for information under the Freedom of information Act. All Plaintiff envelopes which has been label, legal mail confidential correspondence Are log (Record) with the mail staff at prisons, under the california department of correction, Wasco state prison, Corcoran state prison and california Sacramento

4

prison. The mail room staffs are authorized by title 15 California code regulation Article 4. mail and Department Operational Manual S1030.14 and Article 41 mail, The Plaintiff is experiencing difficulties of access to obtain copies of the log record confidential correspondence because the mailroom staff fail to response to inmate request for interview forms and appeals requesting for copies of the log record of confidential correspondence envelopes to the defendants.

This show that the Plaintiff has attempted correspondence to all defendants, whom deprive Plaintiff a response of those letter of requestes. Only by court order of compelling discoveries to the california department of corresponder correction can Plaintiff show that he has written to all defendants.

defendant David M. Hardy, of the Federal Bureau of investigation has many of the Plaintiff's letter, and knows of the Plaintiff making appeals to the Appeal directors for denied requestes. The Plaintiff herein refer to the 3rd amended pleading attached and injunction relief attached about why the defendants has none agency records because they, FBI deprive the Plaintiff of an investigation in 1970, 1980, 1990's and 2000, and deprive the Plaintiff of the investigation to the and of the regulation of the civil rights unit criminal investigative Division for the Plaintiff of knowing to cited their regulation for the deprivation of the investigation for these documents to be agency records.

Defendant David M. Hardy declaration says he search and yielded negative result, The negative result is because the criminal investigation Division, Civil Rights Unit, fail to investigate, Murder, intimidate witness, kidnapping in 1970, Child molestation in 1980, and gang murder in 1986, which all crimes are Federal criminal Law crimes committed unknown characters. Therefore, The F.B.I fail the system provided by the Freedom of information Act to make documents agency record.

In the third amended pleading pursuant to Fed. R. Civ. Proc. Rule 15(c)(3)

defendants, John Doe, FOIA officer, Navy; withheld information about these individual; recruitment, training, status, etc.
1. Ronald Cup. 2. Albert Thomas 3. Benny Cup. 4. Reginal Womack, 5. April Cup
6. Adrian Cup. 7. Donald D. 8. Albert Thomas (convict) 9 Kirk Cheedem.
10. Jerome Womack

Defendant. John Doe, FOIA officer Marine, withheld information about these individual: discharge, dishonorable discharge, recruitment training, status, criminal cases, etc.
1. Eric Thomas, 2 Donald D, 3 Kirk Cheedem, 4 Jerome Womack. 5. Reginal Womack

Defendant, John Doe, FOIA officer Army, withheld information about these individual: discharge, dishonorable discharge, recruitment, training, status, etc.
1. Jerome Womack.

The purpose for this information is to assist them with paralegal services dealing with civil and criminal cases they have or want to file while in the military service.

All above defendants, 8 FOIA officers, of Marine, Navy, Army and of the Air Force FOIA officer, withheld and deprive the Plaintiff of the available means of information under the Freedom of Information Act title 5 U.S.C 552, public information: agency rule; opinions; orders, records and proceeding (A), (1)(A), (1)(B), (1)(C), (1)(D), (1)(E) (1)(2); (A)(B)(C)(D)(E)

Also included in the 3rd Amended pleading:
1. defendant FOIA officer John Doe, of the Federal Aviation Administration withheld information about Sept 11, 2001, airplane attacks on the twin towers and pentagon, consisting radar reading, air flight, schedule, etc. passport of Zacarias Moussaoui, and pictures of all highjackers.

2. defendants John Doe FOIA officer, of the Central Intelligence Agency, withheld information about the Drone, video of the Sept 11, 2001, attack on the twin towers and Pentagon, Talban in Afghistan, Osama bin Laden, training camps, Zacarias Moussaoui in training camps, Fidel Castro of Cuba, Iran/contras, Iraqi terrorist, weapon of mass destruction, spy operation

6

Contract with corporation (example) Northdrop, and RAYON, former U.S. President George Bush ex, Director of C.I.A. memorandum, orders, Yemen murders, And, the Research at California medical facility "Involuntary mind control

3. defendants John Doe, FOIA officer, Immigration and Naturalization Service, U.S. withheld information about the student visa, passport, of the Sept 11, 2001 terrorist High jacker and Zacrais Moussoual,

4. defendants John Doe, FOIA officer, U.S. Justice Department and U.S. Atty Gen Roberto Gonzales withheld information of, the special administrative measure, Alexander detention center (Federal) Virginia, transcripts of Zacrais Moussoual, video of Sept 11, 2001 attacks on U.S.

5. defendants John Doe, FOIA officer at the Pentagon, Defense Dept. withheld information, of video of the Sept 11, 2001, attack on the U.S. Taliban in Afghanistan, Iraq, terrorist in Pakistan capture, Yemen murder of terrorist, training camp of Osama bin Laden.

The defendants attorney, Rhonda C. Fields, make no declaration to the proper addresses that the Plaintiff send envelope to the defendants. Whom the Plaintiff can show by log records of out going mail. These records of out going confidential correspondence show that the Plaintiff has attempt to make contact and communication with these defendants, whom fail to response to letter of request.

3.
Plaintiff oppositions:
Admit:
denied, object and oppose
The defendants statement of material fact not in Genuine Dispute.

1. The Plaintiff allege herein that the defendants statement of material facts as to which there is no genuine dispute, is untrue, and Plaintiff denied, object and oppose the defendants submitted statement of material facts as to which there is no genuine dispute.

The Plaintiff herein allege there is a genuine dispute of defendants

7

violating the Plaintiff entitle right of making available information of Request of public information; Agency Rules: opinions, orders, Records, and proceeding According to title 5. U.S.C. 552 (A), (1)(A), (1)(B), (1)(C), (1),(D)(1)(E)(1)(2); (A),(B),(C),(D),(E)

The Federal Bureau of Investigation fail to investigate, murder, kidnap, intimidate witness, gang murder, and child molestation, that can be proven by this court ordering state official to produce documents of these crimes which are of a Federal crime, for an investigation which the F.B.I fail to investigate violating their Rules and Regulation of the civil Rights criminal investigative Division unit.

## Prayer for Relief Claim

1. Order the defendants to issue the available information they are obligated to do According to 5. U.S.C 552 (FOIA); of Public information; Agency Rule; opinions, orders, records and proceeding (A), (1)(A), (1)(B), (1)(C), (1)(D), (1)(E)(1)(2); (A)(B)(C)(D)(E)

2. Order the FBI to investigate murder, kidnap, child molestation, gang murder, sheriff use of a police Dog, batter of sheriff in the Los Angeles County psych ward; mistreatment of sheriff in the Los Angeles twin Tower. for the purpose of Agency Records, see Cal. Pen code 830.8(A)

3. Orders all defendants FOIA officer to provided the information Requested in this opposition. And of FOIA title 5 U.S.C 552; public information; Agency Rule; opinions, orders, Records and proceeding (A), (1)(A), (1)(B),(1)(C),(1)(D), (1)(E)(1)(2); (A) 1

4. Orders defendants FOIA officers and U.S. Atty Gen. Roberto Gonzales to issue to the Plaintiff the complaint Rules and Regulation of the special Administrative measure.

5. Grant Summary Judgment to the Plaintiff.

6. proceeds to Jury trial involving issues of the Plaintiff's rights.

7. compell discoveries by the california department of correction

8. incorporate case NO. 06-5307, september Term, 2006, 05cv02362 Exhibit A

## Opposition

memorandum of points and authorities in support of opposition

8

Under the Freedom of Information Act, title 5 U.S.C. 552 obligate the defendants to disclosure of administrative agency proceeding see F.C.C. V. Schreiber U.S. cal. 1965 85 S.Ct. 1459, 381 U.S. 279. 14 L.Ed 2d 383.

The defendants fail to disclosure the administrative agency proceeding. Under the Freedom of Information Act, title 5. U.S.C. 552 (Public information: Agency rule; opinions, orders, records and proceeding) (a), the defendants are obligate to make available to the public information, the defendant to issue (A), (1)(A), (1)(B), (1)(C), (1)(D) (1)(E) (1), (2)' And (A) (B) (C) (D) (E), The defendants fail to issue the available information

The Plaintiff admites, denied, object and oppose the defendants standard of review (motion to Dismiss) and summary judgment, FOIA, Plaintiff's claim must be Dismissed for failure to exhaust Administrative Remedies and Lack of Jurisdiction Due to failure to make a FOIA request, and no jurisdiction or standing.

The mail system with these defendants are inadequate involving receiving mail, which deprive the Plaintiff meanful Access to court, for an avenue for court, when the mail system is inadequate to receive and process mail that is need to resolve, exhaust administrative remedies, and standing, by this inadequacies by defendants the Plaintiff has been been deprive of his meanful Access to court guarantee of the Federal U.S.C.A 1st Amendment mean access to court. The Plaintiff only need to show that he attempt to communicate with the defendants. and the defendants fail to act, any reason either by inadequate mail system, or the Receiver fail to response, either way it deprive the Plaintiff of completing the process under the Freedom of Information Act.

## Conclusion

9

For the reasons set forth above, the plaintiff's complaint ought not be dismissed, and summary judgment granted to the Plaintiff, and demand for jury trial

Dated: May 9, 2007

Respectfully submitted

[signature]