UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————————— ) | |
| KEITH THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2391 (CKK) |
| ) | |
| FEDERAL AVIATION ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ———————————————————— ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brings this action alleging that the Federal Bureau of

Investigation ("FBI") has not provided him with documents that he requested under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552. Defendants have filed a motion to dismiss or, in the

alternative, for summary judgment, and Plaintiff an opposition thereto.

I. BACKGROUND

A. Procedural History

Plaintiff originally brought this action against a number of federal agencies and

departments alleging that they refused to provide him with information regarding the terrorist

attack on September 11, 2001, and other criminal investigations. He named as defendants the

Federal Aviation Administration ("FAA"), Robert Mueller, the Director of the FBI, Donald

Rumsfeld, the former Secretary of Defense, and John Does at the following agencies and

departments of the federal government: the Department of the Navy, the United States Marines,

the Department of the Air Force, the Department of the Army, the Central Intelligence Agency

("CIA"), the FBI, the United States Coast Guard, the Government Accountability Office

("GAO"), the Department of Energy ("DOE"), the Immigration and Naturalization Service

("INS"), the United States Customs Service,[1] the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATFE"), and the Federal Communications Commission ("FCC").

On January 25, 2007, the Court granted summary judgment in favor of Defendants FAA

and FBI and  dismissed Defendants Robert Mueller, Donald Rumsfeld, and John Does.  In

addition, the Court ordered the Clerk of the Court to issue a summons and complaint for each of

the agency defendants not yet served.  The Court also granted Plaintiff's motion to amend the

complaint.

B. Statement of Facts

Plaintiff alleges that he has not been provided documents involving agency rules

regarding employees, all information pertaining to the disposition of FOIA requests, and

documents related to Plaintiff, including police reports, court transcripts, attorney names, Los

Angeles County Sheriff Jail documents, and a criminal history transcript.  Am. Compl. at 1.

Plaintiff requests that the FBI disclose "all documents relating to the Plaintiff since birth of the

Plaintiff of 10-21-1967."  *Id.* at 3.

In response to Plaintiff's amended complaint, the FBI conducted a search of its FOIPA

Document Processing System, which contains the agency's officials records of all FOIA and

---

[1] In March, 2003, the United States Customs Service ("USCS") and the Immigration and Naturalization Service ("INS") were transferred to the newly created Department of Homeland Security ("DHS").  The jurisdictional responsibilities of USCS and INS are now divided into two components, Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP").

Privacy Act requests.  Decl. of David M. Hardy ¶ 5.  The FBI did not find any record of a document request from Plaintiff.  *Id.*

## II. STANDARD OF REVIEW

Defendants have moved to dismiss for failure to state a claim or, in the alternative, for summary judgment.  The Court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in Plaintiff's favor, that Plaintiff cannot establish "any set of facts consistent with the allegations in the complaint."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp.*, 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted).  Thus, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Kowal*, 16 F.3d at 1276.

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A *pro se* pleading is to be liberally construed by the Court.  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citation omitted).  Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  *Kowal*, 16 F.3d at 1276.

Defendants also move, in the alternative, for summary judgment.  Under Rule 56 of the

Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).  Material

facts are those that "might affect the outcome of the suit under the governing law."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the

initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255.  The party opposing a

motion for summary judgment, however, "may not rest upon the mere allegations or denials of

the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine

issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must do more than simply "show

that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover,  any factual assertions in the

movant's affidavits will be accepted as being true unless the opposing party submits his own

affidavits or other documentary evidence contradicting the assertion.  *Neal v. Kelly,* 963 F.2d

453, 456 (D.C.Cir.1992).

## III. ANALYSIS

As an initial matter, the Court must determine the nature of Plaintiff's cause of action.

Federal courts can "ignore the legal label that a *pro se* litigant attaches" to a pleading "to create a

better correspondence between the substance of a ... claim and its underlying legal basis."  *Castro*

*v. United States*, 540 U.S. 375, 381 (2003).   In the complaint, Plaintiff cites the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 701, *et seq.*, and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403

U.S. 388 (1971) as the bases for his claims. The essence of Plaintiff's claim, however, is that the

FBI improperly withhold documents requested by him.  FOIA grants federal district courts

jurisdiction to enjoin an agency from withholding records and to order the production of records

improperly withheld from requesters. 5 U.S.C. § 552(a)(4)(B).  Therefore, the Court will

construe this case as a FOIA action.

      Defendants move to dismiss or for summary judgment on the ground that Plaintiff did not

submit a FOIA request to the FBI or exhaust his administrative remedies.[2]  In a FOIA case, the

Court may award summary judgment solely on the basis of information provided by the

department or agency in affidavits or declarations.  *Military Audit Project v. Casey*, 656 F.2d

724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973).

Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard

Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991).  Such affidavits or declarations are

accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents." *Id.* (internal citation and quotation

omitted).

      A party must exhaust the available administrative remedies under FOIA prior to seeking

---

[2] Although not raised by Defendants, Plaintiff's cause of action is also subject to
dismissal under 28 U.S.C. § 1915(g).  Plaintiff cannot proceed *in forma pauperis* because he has
brought at least three civil actions that were dismissed on the grounds that they were frivolous,
malicious, or failed to state a claim.  *See Thomas v. United States Customs and Border
Protection*, No. 06-5307 (D.C. Cir. Mar. 13, 2007).

relief in federal court. *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61-62 (D.C.Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). FOIA's exhaustion requirement, however, is not jurisdictional, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C.Cir. 2003), but a prudential consideration. *Wilbur*, 355 F.3d 675, 677 (D.C.Cir. 2004); *Ctr. for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 66 (D.D.C. 2006). The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience and expertise, and to compile an adequate record for review. *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259. A failure to exhaust precludes a determination on the merits of a FOIA claim if the agency "had no opportunity to consider the very issues that [Plaintiff] has raised in court ...." *Id.*

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

An agency is required to respond to a FOIA request within twenty days. *See* 5 U.S.C. § 552(a)(6)(A)(I). If an agency does not comply with the FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit. *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C.Cir. 2003). These statutory deadlines, however, are triggered by the agency's *receipt* of the FOIA request. 5 U.S.C. § 552(a)(6)(A)(I). Plaintiff has

6

not produced any evidence demonstrating that the alleged request was either sent or received by the FBI.  Instead, Plaintiff alleges that his correspondence to Defendants is in the custody of the California Department of Corrections.  However, the absence of evidence does not defeat a sworn affidavit.  Since the agency's declaration affirms that a search of the FBI's databases did not produce evidence that the agency ever received Plaintiff's request, he has not exhausted his administrative remedies.

The Court has no basis to discredit the FBI sworn affidavit that it has no record of a request from Plaintiff.  Since the agency did not withhold any documents, Plaintiff has not exhausted his administrative remedies and does not have a viable FOIA claim against the FBI.[3]

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss or for summary judgment will be granted.  Judgment will be entered in favor of Defendants.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 12, 2007

---

[3] Since Plaintiff's amended complaint is devoid of any specific factual allegations against the remaining Defendants, he has failed to state a claim against them and these Defendants will also be dismissed.