Exhibit B



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC  20310-0104

March 7, 2007

Inmate Keith Thomas, CDCT-67081
CSP Sacramento
Ad-seg FAG Cell-122
P.O. Box 290001
Repressa, CA 95671

Dear Inmate Thomas:

    This letter responds to your Freedom of Information Act (FOIA) appeal, dated October 13, 2006.  You appealed a decision by the Office of the Judge Advocate General, Criminal Law Division, to deny your request for copies of regulations and a "list of events involving Army activities."

    We apologize for the delay in responding to this appeal.  The Army is required to address a large volume of FOIA demands.  Therefore, we cannot always respond to appeals as quickly as we would like.  We make it our practice to respond to appeals in the order received.  The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

    The IDA withheld the information you requested because the regulations are made available to the public by the Army and because the request for a "list of events involving Army activities" does not reasonably describe the records sought.  After a careful review of the issues presented in your appeal, we have determined that you may receive a copy of the Army regulations you requested, but the IDA correctly determined that your request for a "list of events involving Army activities" was too broad.  Accordingly, your appeal is granted in part and denied in part.

    The Army regulations you requested are publicly available on the internet, as was explained to you in Colonel Darpino's letter, dated September 27, 2006.  However, if you still wish to receive a hard copy of these regulations from the Army, please forward to OTJAG Criminal Law Division a check or money order in the amount of $ 49.80 made payable to "Treasurer of the United States" within 30 days of the date of this letter.

    A request for records made under the FOIA must reasonably describe the records sought and must be made in accordance with published agency regulations.  5 U.S.C. § 552(a)(3)(A).  The records requested should be described with enough specificity to allow a professional agency employee "familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks v. United States*

Printed on Recycled Paper

*Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) (quoting H.R. Rep. No. 93-876, at 6 (1974) *reprinted in* 1974 U.S.C.C.A.N. 6267, 6271). See also Army Regulation (AR) 25-55, *The Department of the Army Freedom of Information Act Program*, 1 November 1997, para. 1-507. The FOIA is not intended to allow requesters to conduct an "all-encompassing fishing expedition" for agency records. *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002).

Your request, dated June 25, 2006, is too broad and therefore does not reasonably describe the records sought. Under AR 25-55, descriptive information about a record can be divided into two broad categories: 1) file-related (e.g., type of record, title, index citation, subject area, date of record, originator of record); and 2) event-related (e.g., the circumstances that resulted in the record being created or the date and circumstances surrounding the event the record covers). AR 25-55, para. 1-507. Generally, a record is not reasonably described unless it contains sufficient file-related information to permit the conduct of an organized, non-random search or unless the record contains enough event-related information to permit inference of the file-related elements needed to conduct a search. *Id.* If you would like more information about Army activities, we ask that you provide additional file- and event-related information to the Army Freedom of Information and Privacy Act Division to allow them to adequately direct your request to the proper Army component.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the Federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel