UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH THOMAS,                          )
                    Plaintiff,         )
                                       )
        v.                             )      Civ. No. 05-2391 (CKK)
                                       )
FEDERAL AVIATION ADMN., et al.,        )
                    Defendants.        )
_____ )

**OPPOSITION TO MOTION FOR RECONSIDERATION**

Defendant respectfully submits this opposition to plaintiff's motion for reconsideration.

BACKGROUND

On February 13, 2007, plaintiff filed a second amended complaint in this matter alleging,
inter alia, that the FBI had failed to disclose various documents pertaining to him. Docket # 22.
On July 12, 2007, the Court entered a final appealable Order granting defendant's motion to
dismiss or in the alternative for summary judgment and dismissing plaintiff's case. Docket # 33.
The Court found that plaintiff had failed to produce any evidence that plaintiff's alleged request
for records was either sent to or received by the FBI. Plaintiff therefore had not exhausted his
administrative remedies and has no viable claim against the FBI. Docket # 34 at p. 6-7. The
Court also found that plaintiff's amended complaint failed to state a claim against the remaining
named defendants since the complaint made no factual allegations against them. *Id. at* p. 7
fn.3.

In addition, the Court noted that the plaintiff's cause of action was also subject to
dismissal under 28 U.S.C. § 1915(g), because plaintiff has filed at least three previous actions

1

which were dismissed on the grounds that they were frivolous, malicious, or failed to state a

claim. *Id.* at p. 5 fn.2

ARGUMENT

Motions for reconsideration of a final judgment may be made pursuant Federal Rule of

Civil Procedure 60 (b). [1]

> In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). Fed.R.Civ.P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C.Cir.1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. Fed.R.Civ.P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.; Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C.Cir.1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C.1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." Fed.R.Civ.P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir.1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed ... or it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any ... reason justifying [such] relief." Fed.R.Civ.P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393, 113 S.Ct.

---

[1] Plaintiff's reconsideration motion was filed on August 30, 2007, which was more than 10 days after entry of the judgment in this action. Thus, Fed. R. Civ. P. 59(e) is not applicable to plaintiff's motion.

1489.

*Sieverding v. American Bar Ass'n*,  466 F.Supp.2d 224, 227 (D.D.C.2006).   Plaintiff bears the
burden of establishing that he is entitled to relief pursuant to any of the above reasons.  *Id.*

 Plaintiff has failed to establish that he is entitled to relief under any of the six reasons set
forth in Rule 60(b).   Plaintiff has attached to his motion Exhibits A-H which plaintiff claims
demonstrate "that the Plaintiff has done exhaust administrative remedies."  Docket # 35 at p.  2.
The exhibits are responses from the FBI and other agencies to plaintiff concerning various FOIA
requests made by him.   However, none of those responses relate to a request for the documents
described in plaintiff's amended complaint.   For example, the responses from the FBI pertain to
requests on the following subjects:

-  Kennedy, Robert Assassination/Sirhan Sirhan,  Docket # 35-6;

-  George Jackson,  Docket # 35-7;

-  UFO's,   Docket #35-8;

-  King, Martin Luther Jr. et al.,   Docket # 35-9.

 Thus, plaintiff has not presented any newly discovered evidence supporting his claim.

 Additionally,  plaintiff has not shown "extraordinary circumstances" warranting relief
under the catch-all reason six.  This is particularly so because, independently, plaintiff's
complaint is subject to dismissal under 28 U.S.C. § 1915(g).

3

CONCLUSION

Therefore, plaintiff's motion for reconsideration should be denied.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of September, 2007, a copy of the foregoing
Opposition was mailed, postage prepaid to plaintiff pro se,
KEITH THOMAS
No. T67081
SACRAMENTO CALIFORNIA STATE PRISON
P.O. Box 290066
Represa, CA 95671
 .

_____
Rhonda C. Fields
Assistant United States Attorney

5