Exhibit
B

Motion
Reconsider the Defendants
Motion to dismiss or in the
Alternative for Summary
Judgment 34 page

Keith Thomas
CDC T-62081
CSP-Sacramento
FB4 cell-104
P.O. Box 290001
Represa, Ca 95671

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas,
    Plaintiff

Civil Action No. 05-2391 (CKK)

Motion:
Reconsidering the Defendants'
motion to dismiss OR IN the
alternative, for summary
Judgment.

vs

Federal Aviation
Administration, et al
    Defendants.

## NATURE OF PROCEEDING

Plaintiff herein allege, proceeding pro se, brings this action alleging that the Federal Defendants, has withheld documents requested under the Freedom of information Act ( FOIA), 5 U.S.C 9 552. Defendants have filed a motion to dismiss OR, in the alternative, for summary judgment, and Plaintiff an opposition thereto.

## PROCEDURAL HISTORY

Plaintiff alleges, has brought an action involving (against) federal Agencies consisting: 1. Federal Aviation Administration
    2. Director of the FBI
    3. Secretary of Defense.
    4. Department of the Navy
    5. Department of the Marines
    6. Department of the Air Force.
    7. Department of the Army
    8. Central Intelligence Agency (CIA)
    9. Department of the U.S. Coast Guard
    10. Government Accountability office
    11. The Department of Energy
    12. Immigration and Naturalization Service (INS)
    13. The Department U.S. Custom Service
    14. Bureau of Alcohol, Tobacco, Firearms and Explosive.

1    15. Federal Communication Commission (FCC)

2    However, the court, Refuse to Allow the Plaintiff to amend pleading

3                    <u>Statement of facts</u>

4    Plaintiff Allege, That the Plaintiff has exhausted Administrative Remedies

5    see Exhibit A through H Exhibit H.

6    1. Exhibit A deal with the defendant, Kath J. Lyerly, of the Department

7    of Homeland Security. It Show that the Plaintiff is entitle to the

8    Administrative Appeal, whom the Plaintiff has filed an Appeal to the

9    Deputy Director, and is without any response of the outcome of the

10   Appeal.

11   2. Exhibit B, deal with the defendant, Rownald J. Buchholz, of the

12   Department of the Army, it show that the Plaintiff is entitle to

13   the Administrative Appeal, whom the Plaintiff has filed an Appeal

14   to the office of the General counsel, and is without any response of

15   the Goal outcome of the Appeal.

16   3. Exhibit C, deal with the defendant, Abel Lopez, of the Department

17   of Energy, it Show that the Plaintiff is entitle to the Administrative

18   Appeal, whom the Plaintiff has filed an Appeal to Ms. Washington And

19   is without any response of the outcome of the Appeal.

20   4. Exhibit D, deal with the defendant Kathleen M. Kahoe, of the

21   U.S. Department of Justice, it show that the Plaintiff is entitle to the

22   Administrative Appeal, whom the Plaintiff has filed an Appeal to Attorney

23   General, U.S. Roberto Gonzales, and is without any response of the out

24   come of the Appeal.

25   5. Exhibit E, Exhibit F, Exhibit G, and Exhibit H, deal with the

26   defendant, David M. Hardy, of the U.S. Department of Justice, Federal

27   Bureau of investigation, it show that the Plaintiff is entitle to the

28   Administrative Appeal, whom the Plaintiff has filed an Appeal to the.

2

1  Co - Director, And is without Any response of the outcome of the Appeal.

2      In the U.S. District judge colleen Kollar -Kotelly's

3  memorandum Opinison is untrue and incorrect, about the involvement

4  of the exhaustion of administrative remedies, allege on page five of

5  the U.S. district judge's ~~are~~ memorandum Opinion.

6      The Plaintiff herein allege that the Plaintiff has exhausted

7  all administrative remedies, Refer to Exhibit A through Exhibit H, demonstrating

8  the Plaintiff has exhaust administrative remedies, See in part, Ogtesby

9  V. United States Dept' of Army, 920 F.2d 57, 61-62 ( D.C. Cir. 1990), and

10  In part, Nurse V. Sec'y of AIR Force, 231 F.Supp.2d 323, 327 (D.D.

11  C 2002), title 5, U.S.C 552 (6) (c) (exhausted Administrative remedies)

12      The Federal jurisidiction over A FOIA claim is dependent upon

13  A showing that an agency improperly withheld agency records, The defendants

14  herein allege withheld agency records consisting of title 5 U.S.C 551

15  (4) (Rule MEANS) (5)(Rule making "mean"), title 5 USC 552 ( Public

16  information) agency rules, Opinions, Order, Records and proceedings

17  (a) (1) (A) (B) (c) (D) (E), (2) (A) (B) (C) (D) and (E), see in part

18  Kissinger V. Reporters Comm. for Freedom of the Press, 445 U.S. 136. 150

19  (1980)

20      The Plaintiff Refer to the Exhibit A through Exhibit H, Shows that

21  None Agencies comply with the FOIA's time requirement, therefore the

22  Plaintiff has constructively exhausted his administrative remedies and

23  may file suit, see Judicial Watch, Inc. V Rossotti, 326 F.3d 1309,

24  1310 ( D.C. Cir. 2003)

25      The U.S. district judge's memorandum opinion on page 6, and page

26  7, third paragraph, The fourth line and fifth line, And page 7, First

27  paragraph line 1, 2, 3 4, 5, And 6, Are untrue and incorrect. Exhibit A

28  through Exhibit H demonstrate that the Plaintiff trigger the agencies of

## CONCLUSION

The Plaintiff demonstrate that the Plaintiff exhaust administrative remedies, and show that the defendants, possess Agencies records, and with hold to make available Agency record, Violate, Freedom of information Act, administrative procedure Act (60 Stat. 237 S. US.C. A) title S. U.S.C SS1 (4) and (5), title S. U.S.C SS2 (6) (c), title S. U.S.C SS2 (a) (1) (A) (B) (c) (D) (E) (2) (A) (B) (C) (D) and (E) FCC V Schreiber. U.S. Cal. 1963 85 S. St. 1459, 381 U.S. 279 14. LEd 383.

Therefore, the complaint ought not be dismiss, and The defendants motion to dismiss OR, in the alternative, for summary judgment ought of be denied. The Plaintiff ought of be grant for Amend pleading and jury trial.

Dated: Aug 23, 2007

Proof of service
(28. U.S.C 1746)

1    Civil Action No. 05-2391 (CKK)

2

3    Keith Thomas
                Plaintiff

4

5    Vs

6    Federal Aviation
     Administration, et al)

7                Defendant

8

9

10       I, Keith Thomas, am over the age of eighteen (18) years

11   old and I am a party to the within cause of action! My address

12   is: CSP-Sacramento
                FB4 cell-104

13                P.O. Box 290001

14                Represa, Ca 95671

15       Aug 23, 2007. I served the a copy of the following document:

16   motion, reconsider, the Defendant motion to dismiss or in the alternative

17   for, summary judgment, on the : Colleen Kollar-Kotelly
                                      United States District Judge

18                                    U.S. District Court

19                                    for the District of Columbia
                                      333 constitution ave. N.W

20                                    Washington D.C. 20001

21   and served a copy herein with to: Rhonda C. Fields
                                        Assistant United States Attorney

22                                      Civil Division
                                        555 fourth St. N.W

23                                      Washington D.C. 20530

24   by depositing a true and correct copies thereof in a seal envelope, within the

25   california sacramento prison mail room and in the United States mail N

26   Represa, California with postage fully prepaid

27       I have read the above statements and declare under the penalty of
     perjury that the law of the State of California that the foregoing is true and

28   correct, aug 27, 2007

6

Memorandum Opinion

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
KEITH THOMAS,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civil Action No. 05-2391 (CKK)
                                       )
FEDERAL AVIATION                       )
ADMINISTRATION, et al.,                )
                                       )
            Defendants.                )
_____)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brings this action alleging that the Federal Bureau of Investigation ("FBI") has not provided him with documents that he requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment, and Plaintiff an opposition thereto.

### I. BACKGROUND

#### A. Procedural History

Plaintiff originally brought this action against a number of federal agencies and departments alleging that they refused to provide him with information regarding the terrorist attack on September 11, 2001, and other criminal investigations. He named as defendants the Federal Aviation Administration ("FAA"), Robert Mueller, the Director of the FBI, Donald Rumsfeld, the former Secretary of Defense, and John Does at the following agencies and departments of the federal government: the Department of the Navy, the United States Marines,

1

the Department of the Air Force, the Department of the Army, the Central Intelligence Agency

("CIA"), the FBI, the United States Coast Guard, the Government Accountability Office

("GAO"), the Department of Energy ("DOE"), the Immigration and Naturalization Service

("INS"), the United States Customs Service,[1] the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATFE"), and the Federal Communications Commission ("FCC").

On January 25, 2007, the Court granted summary judgment in favor of Defendants FAA

and FBI and  dismissed Defendants Robert Mueller, Donald Rumsfeld, and John Does.  In

addition, the Court ordered the Clerk of the Court to issue a summons and complaint for each of

the agency defendants not yet served.  The Court also granted Plaintiff's motion to amend the

complaint.

### B. Statement of Facts

Plaintiff alleges that he has not been provided documents involving agency rules

regarding employees, all information pertaining to the disposition of FOIA requests, and

documents related to Plaintiff, including police reports, court transcripts, attorney names, Los

Angeles County Sheriff Jail documents, and a criminal history transcript.  Am. Compl. at 1.

Plaintiff requests that the FBI disclose "all documents relating to the Plaintiff since birth of the

Plaintiff of 10-21-1967."  *Id.* at 3.

In response to Plaintiff's amended complaint, the FBI conducted a search of its FOIPA

Document Processing System, which contains the agency's officials records of all FOIA and

---

[1] In March, 2003, the United States Customs Service ("USCS") and the Immigration and
Naturalization Service ("INS") were transferred to the newly created Department of Homeland
Security ("DHS").  The jurisdictional responsibilities of USCS and INS are now divided into two
components, Immigration and Customs Enforcement ("ICE") and Customs and Border
Protection ("CBP").

Privacy Act requests. Decl. of David M. Hardy ¶ 5. The FBI did not find any record of a document request from Plaintiff. *Id.*

## II. STANDARD OF REVIEW

Defendants have moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. The Court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in Plaintiff's favor, that Plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted). Thus, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276.

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* pleading is to be liberally construed by the Court. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

3

Defendants also move, in the alternative, for summary judgment.  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Moreover,  any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992).

### III. ANALYSIS

As an initial matter, the Court must determine the nature of Plaintiff's cause of action. Federal courts can "ignore the legal label that a *pro se* litigant attaches" to a pleading "to create a better correspondence between the substance of a ... claim and its underlying legal basis." *Castro*

4

*v. United States*, 540 U.S. 375, 381 (2003).   In the complaint, Plaintiff cites the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 701, *et seq.*, and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403

U.S. 388 (1971) as the bases for his claims. The essence of Plaintiff's claim, however, is that the

FBI improperly withhold documents requested by him.  FOIA grants federal district courts

jurisdiction to enjoin an agency from withholding records and to order the production of records

improperly withheld from requesters. 5 U.S.C. § 552(a)(4)(B).  Therefore, the Court will

construe this case as a FOIA action.

    Defendants move to dismiss or for summary judgment on the ground that Plaintiff did not

submit a FOIA request to the FBI or exhaust his administrative remedies.[2]  In a FOIA case, the

Court may award summary judgment solely on the basis of information provided by the

department or agency in affidavits or declarations.  *Military Audit Project v. Casey*, 656 F.2d

724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973).

Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard

Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991).  Such affidavits or declarations are

accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents." *Id.* (internal citation and quotation

omitted).

    A party must exhaust the available administrative remedies under FOIA prior to seeking

_____

    [2] Although not raised by Defendants, Plaintiff's cause of action is also subject to
dismissal under 28 U.S.C. § 1915(g).  Plaintiff cannot proceed *in forma pauperis* because he has
brought at least three civil actions that were dismissed on the grounds that they were frivolous,
malicious, or failed to state a claim.  *See Thomas v. United States Customs and Border
Protection*, No. 06-5307 (D.C. Cir. Mar. 13, 2007).

relief in federal court. *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61-62 (D.C.Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). FOIA's exhaustion requirement, however, is not jurisdictional, *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C.Cir. 2003), but a prudential consideration. *Wilbur*, 355 F.3d 675, 677 (D.C.Cir. 2004); *Ctr. for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 66 (D.D.C. 2006). The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience and expertise, and to compile an adequate record for review. *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259. A failure to exhaust precludes a determination on the merits of a FOIA claim if the agency "had no opportunity to consider the very issues that [Plaintiff] has raised in court ...." *Id.*

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

An agency is required to respond to a FOIA request within twenty days. *See* 5 U.S.C. § 552(a)(6)(A)(I). If an agency does not comply with the FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit. *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C.Cir. 2003). These statutory deadlines, however, are triggered by the agency's *receipt* of the FOIA request. 5 U.S.C. § 552(a)(6)(A)(I). Plaintiff has

6

13

not produced any evidence demonstrating that the alleged request was either sent or received by the FBI. Instead, Plaintiff alleges that his correspondence to Defendants is in the custody of the California Department of Corrections. However, the absence of evidence does not defeat a sworn affidavit. Since the agency's declaration affirms that a search of the FBI's databases did not produce evidence that the agency ever received Plaintiff's request, he has not exhausted his administrative remedies.

The Court has no basis to discredit the FBI sworn affidavit that it has no record of a request from Plaintiff. Since the agency did not withhold any documents, Plaintiff has not exhausted his administrative remedies and does not have a viable FOIA claim against the FBI.[3]

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss or for summary judgment will be granted. Judgment will be entered in favor of Defendants. A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 12, 2007

---

[3] Since Plaintiff's amended complaint is devoid of any specific factual allegations against the remaining Defendants, he has failed to state a claim against them and these Defendants will also be dismissed.

7

Exhibit
A



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Keith Thomas, CDC T-67081
CSP-Sacramento, FC3-Cell 208
P.O. Box 290001                          APR 2 0 2007
Represa, CA 95671

File Number:   20070151

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy
Acts request received by the United States Secret Service on February 23, 2007, for information
pertaining to Hinkley and Ronald Reagan, the 40th President (1981-89) assassination attempt.

With regard to your request to have access to your file, we regret to inform you that we cannot
comply.  Under provisions of the Freedom of Information Act, there are no records or documents
available to you at this time.

Pursuant to 5 U.S.C. 552(b)(7)(A), your file is being exempted since disclosure could reasonably be
expected to interfere with enforcement proceedings.  The citation of the above exemption is not to
be construed as the only exemption which may be available under the Freedom of Information Act.

If you disagree with our determination, you have the right of administrative appeal within 35 days
by writing to Freedom of Information Appeal, Deputy Director, U.S. Secret Service, 245 Murray
Drive, Building 410, Washington, DC 20223.

Please use the file number indicated above in all future correspondence with this office.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

16

Exhibit
B



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104



March 7, 2007

Inmate Keith Thomas, CDCT-67081
CSP Sacramento
Ad-seg FAG Cell-122
P.O. Box 290001
Repressa, CA 95671

Dear Inmate Thomas:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated October 13, 2006. You appealed a decision by the Office of the Judge Advocate General, Criminal Law Division, to deny your request for copies of regulations and a "list of events involving Army activities."

We apologize for the delay in responding to this appeal. The Army is required to address a large volume of FOIA demands. Therefore, we cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

The IDA withheld the information you requested because the regulations are made available to the public by the Army and because the request for a "list of events involving Army activities" does not reasonably describe the records sought. After a careful review of the issues presented in your appeal, we have determined that you may receive a copy of the Army regulations you requested, but the IDA correctly determined that your request for a "list of events involving Army activities" was too broad. Accordingly, your appeal is granted in part and denied in part.

The Army regulations you requested are publicly available on the internet, as was explained to you in Colonel Darpino's letter, dated September 27, 2006. However, if you still wish to receive a hard copy of these regulations from the Army, please forward to OTJAG Criminal Law Division a check or money order in the amount of $ 49.80 made payable to "Treasurer of the United States" within 30 days of the date of this letter.

A request for records made under the FOIA must reasonably describe the records sought and must be made in accordance with published agency regulations. 5 U.S.C. § 552(a)(3)(A). The records requested should be described with enough specificity to allow a professional agency employee "familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks v. United States*

Printed on ♺ Recycled Paper

18

*Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) (quoting H.R. Rep. No. 93-876, at 6 (1974) *reprinted in* 1974 U.S.C.C.A.N. 6267, 6271). *See also* Army Regulation (AR) 25-55, *The Department of the Army Freedom of Information Act Program*, 1 November 1997, para. 1-507. The FOIA is not intended to allow requesters to conduct an "all-encompassing fishing expedition" for agency records. *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002).

Your request, dated June 25, 2006, is too broad and therefore does not reasonably describe the records sought. Under AR 25-55, descriptive information about a record can be divided into two broad categories: 1) file-related (e.g., type of record, title, index citation, subject area, date of record, originator of record); and 2) event-related (e.g., the circumstances that resulted in the record being created or the date and circumstances surrounding the event the record covers). AR 25-55, para. 1-507. Generally, a record is not reasonably described unless it contains sufficient file-related information to permit the conduct of an organized, non-random search or unless the record contains enough event-related information to permit inference of the file-related elements needed to conduct a search. *Id.* If you would like more information about Army activities, we ask that you provide additional file- and event-related information to the Army Freedom of Information and Privacy Act Division to allow them to adequately direct your request to the proper Army component.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the Federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

19